UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAULINO GONZALES,                              :
              Plaintiff,            :
                                                :       **COMPLAINT AND**
        -against-                         :       **JURY DEMAND**
                                                :
BARDOLINO'S RESTAURANT CORP.,              :
ANHANGUERA FOOD CORP., and VALBER   :       08 CV 3845
ROQUE JUNIOR, Jointly and severally,              :
                                                  :
              Defendants.              :
------------------------------------------------------------X

## NATURE OF THE ACTION

1.      Plaintiff alleges of the Defendants that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), he is: (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendants for work for which he did not receive the applicable minimum wage under Section 6 of FLSA (29 U.S.C. §206) and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to unpaid minimum wages from Defendants, unpaid overtime compensation from Defendants, unpaid spread of hours wages from Defendants, damages equal to 25 percent of his unpaid minimum wages under New York Labor Law; and attorneys fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law

1

claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, PAULNO GONZALES, at all relevant times, an adult individual, residing in New York, NY.

7. Upon information and belief, Defendant BARDOLINO'S RESTAURANT CORP. is a New York corporation, with its principal place of business in New York County.

9. Upon information and belief, Defendant ANHANGUERA FOOD CORP. is a New York corporation, with its principal place of business in New York County.

10. Upon information and belief, Defendant VALBER ROQUE JUNIOR is a New York State resident.

## STATEMENT OF FACTS

17. At all relevant times, each Defendant maintained and operated restaurants in New York County.

18. Plaintiff worked as a dishwasher and for Defendant Bardolino Restaurant and prepared food while employed by Anhanguera Food Corp. Plaintiff often worked over forty (40) hours per week.  Plaintiff often worked ten (10) or more hours per day. Plaintiff often worked six days a week.  Plaintiff was paid by salary with no extra overtime pay.  Plaintiff was not compensated at the applicable minimum wage while

2

employed by Defendants. Plaintiff did not receive an extra hour of pay at the applicable overtime rate for each day plaintiff worked ten or more hours a day. Plaintiff worked for Defendants from approximately April 2005 to March 2007. During that period, Plaintiff earned a weekly salary ranging from $350.00 per week to $425.00 per week. Plaintiff often worked six (6) days a week, working twelve (12) hour days.

19. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if they were set forth again herein.

21. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At all relevant times, Defendants employed Plaintiff.

23. Upon information and belief, at all relevant times, each Defendant had gross revenues in excess of $500,000.

24. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

25.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

26.     As a result of the Defendants' willful failure to Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

28.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff the Defendants have failed to make, keep and preserve records with respect to Plaintiff, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

29      The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

30.     Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants, his unpaid minimum wages, overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: <br> NEW YORK LABOR LAW

31.	Plaintiff, on behalf of himself, realleges and incorporates by reference paragraphs 1 through 30 as if they were set forth again herein.

32.	At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

33.	Defendants willfully violated Plaintiff's rights by failing to Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

34.	Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the minimum wage for the first forty hours of work performed in each week, in violation of N.Y. Labor Law § 592(1).

35.	Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.

37.	Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, overtime compensation, spread of hours compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award to Plaintiff of unpaid minimum wage compensation due under the FLSA and the New York Labor Law;

e. An award to Plaintiff of unpaid spread of hours compensation due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage, overtime and spread of hours compensation pursuant to the New York Labor Law;

h. An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 23, 2008

By: ___/S_____
Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, New York 10038
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

**ATTORNEY FOR PLAINTIFF**

## NOTICE OF CONSENT TO JOIN

    By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Bem Belado / Ecce-la / Bartolino_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_2/28/08_
DATE

_Paulino Gonzalez_             _[signature]_
PRINT NAME                         CLIENT SIGNATURE